Dear Senator Littlefield,
¶ 0 This office has received your letter asking for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Must a county sheriff accept an individual arrested by a municipal police officer on a driver's license violation?
 2. Is a county sheriff required to retrieve all fugitives, accused of committing crimes in Oklahoma, when notified by a sister state?
 I.
¶ 1 Your first inquiry involves an individual arrested by a municipal police officer on a driver's license violation. You have asked whether a county sheriff is obligated to accept the arrestee. Our determination depends on whether criminal charges have been filed and whether the criminal charges involve state or municipal law.
¶ 2 The county sheriff is statutorily responsible for the county jail and the jail's inhabitants. See 57 O.S. 1991, §47[57-47]; 19 O.S. 1991, § 513[19-513]. Furthermore, the county sheriff may be found guilty of a misdemeanor for failing to accept those arrestees which he or she has a duty to accept. See 21 O.S.1991, §§ 533[21-533], 976. In 1984, the Attorney General was asked if the county sheriff was responsible for detaining individuals arrested by a municipal police officer on state charges. See
A.G. Opin. 84-93. The Attorney General concluded that the county sheriff must accept the prisoners if the district attorney has filed criminal charges, citing 57 O.S. 1981, § 42[57-42](1):
 The common jails in the several counties in the charge of the respective sheriffs, shall be used as prisons:
 1. For the detention of persons charged with offenses, and duly committed for trial.
Id.
¶ 3 Prior to filing formal charges, however, the Attorney General indicated that county and municipal authorities would be required to resolve the matter among themselves:
 2. Responsibility for the detention of state law violators arrested by municipal policemen pending the filing of formal charges by the . . . [city] or state is a matter to be resolved between municipal and county authorities. However, the arresting municipal policeman, being a peace officer pursuant to 21 O.S. 1981, § 99[21-99], is under a duty to secure the arrestee until municipal and county authorities resolve the issue.
A.G. Opin. 84-93, 163.
¶ 4 We have been unable to find any subsequent law contradicting Attorney General Opinion 84-93. Therefore, if the district attorney has filed state charges, the county sheriff must accept the arrestee. Conversely, if state charges have not been filed, the county sheriff is not required to accept the municipal officer's arrestee. If municipal charges have been filed, it depends on whether the county and municipality have executed an agreement pertaining to the housing of arrestees. Determinations as to specific contractual obligations between counties and municipalities fall outside the purview of an Attorney General Opinion.
 II.
¶ 5 Your second inquiry contemplates the extradition of an individual currently detained in a sister state who is accused of committing a crime in Oklahoma. Typically, the Oklahoma law enforcement agency is notified of the fugitive's whereabouts following an entry into the National Crime Information Center ("NCIC"). You have asked whether the county sheriff must retrieve all individuals regardless of where the sister state is located.
¶ 6 NCIC is a nationwide computerized information system operated by the Federal Bureau of Investigation which services federal, state, and local law enforcement agencies. See28 C.F.R. § 25.2. The Oklahoma Department of Public Safety coordinates NCIC efforts within the State. See 47 O.S. Supp.2000, § 2-124[47-2-124](B)(4). While NCIC plays a critical role in linking law enforcement agencies nationwide and ascertaining the whereabouts of fugitives, local law enforcement agencies have no legal obligation to extradite fugitives located in sister states, even if those individuals are entered into NCIC.
¶ 7 Traditionally, local law enforcement agencies were instructed that an NCIC entry represented a willingness to extradite. However, in 1998 the FBI altered its policy to permit local law enforcement agencies to place limits (or conditions) on NCIC entries. See NCIC Technical and Operational Update,
CJIS/NCIC TOU 98-2, at 2-1 (1998). Now, law enforcement agencies may place limits on extraditions based on factors such as cost, officer safety, and district attorneys' willingness to prosecute.See id.
 ¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A county sheriff must accept an individual arrested by a municipal police officer on a driver's license violation if the district attorney has filed state charges against the individual. See 57 O.S. 1991, § 42[57-42].
 2. The National Crime Information Center ("NCIC") is a nationwide computerized information system, operated by the Federal Bureau of Investigation, which shares criminal justice data with local law enforcement agencies. See 28 C.F.R. § 25.2. Law enforcement agencies utilizing NCIC may place limits on extraditions based on factors such as cost, officer safety, and district attorneys' willingness to prosecute. See NCIC Technical and Operational Update, CJIS/NCIC TOU 98-2, at 2-1 (1998).
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA